| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | HEARING DATE: October 16, 2025<br>HEARING TIME: 10:00 am<br>HEARING PLACE: Albany, NY |

IN RE: AKASHA L. ANDERSON

            Debtor

ATTORNEY'S AFFIRMATION

Case No. 25-10429

Chapter 7

    The affirmation of James F. Selbach, Esq., made under penalties of perjury, states as follows:

1. I am the attorney for Debtor. I make this affirmation in support of the application for an order of this Court, pursuant to 11 U.S.C. §362(k), (1) finding a violation of the automatic stay, (2) imposing sanctions and monetary penalties, (3) awarding attorneys' fees to counsel for Debtor, (4) awarding actual damages to Debtor, and (5) awarding the costs of this motion.

2. This contested matter is being commenced to (1) vindicate the right to be free from the harassment of creditor demands, (2) preserve the integrity of the automatic stay, and (3) recover actual damages, including attorneys' fees as set forth herein.

3. The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on April 18, 2025.

4. At all times herein mentioned, Thomas Padric Moore, Esq. ("Moore") acted as the attorney and agent for Riverwalk on the Hudson, Inc. ("Riverwalk").

5. Moore and Riverwalk (via Moore) were listed as creditors in the case and received notice from the Court of the commencement of the case.

6. Attached as Exhibit A is a copy of the Certificate of Notice filed in this case which indicates that Moore and Riverwalk were notified of the commencement of the case.

7. After the commencement of the case, Riverwalk and Moore obtained a warrant of eviction and a money judgment against the Debtor and sent Debtor written demands for payment of a pre-petition debt, copies of which are attached as Exhibit B.

8. The conduct of Riverwalk and Moore against Debtor threatens the integrity of the automatic stay.

9. Riverwalk and Moore denied Debtor the right to be free of creditor collection pressure guaranteed by the Bankruptcy Code.

10. The conduct of Riverwalk and Moore has denied Debtor the right to a fresh start, provided by the Bankruptcy Code.

11. By reason of the foregoing violation, the Court should impose sanctions, <u>Crysen/Montenay Energy Co. v. Esselen Assoc. Inc. (In re Crysen/Montenay)</u>, 902 F.2d 1098, 1099, 1103, 1104, 1105 (2d. Cir. 1990), and a "monetary penalty" [11 U.S.C. §342(g)(2)] on Riverwalk and Moore.

12. Therefore an order of this Court is requested, as against Riverwalk and Moore:

   (1)   finding a violation of the automatic stay ;

   (2)   imposing sanctions and monetary penalties;

   (3)   awarding attorneys' fees to counsel for Debtor;

   (4)   awarding actual damages to Debtor;

   (5)   awarding the costs of this motion.


DATED:   Syracuse, New York
         September 12, 2025

**SELBACH LAW OFFICES, P.C.**

By: /s/ James F. Selbach
    James F. Selbach, Esq.
    8809 Daylight Drive
    Liverpool, New York 13090
    315.471.6611
    jselbach@selbachlawfirm.com

*Attorney for Debtor*